UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Ana Karina Farms LLC, et al.** | ) | **CASE NO. 1:09CV1010** |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Anne M. Fletcher, et al.** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

### INTRODUCTION

This matter is before the Court upon the government's Motion to Dismiss Involuntary Plaintiffs FBI and CIA for Misjoinder Pursuant to Fed. R. Civ. P. 21, and for Remand (Doc. 4), and plaintiff's Motion for Leave to Amend Complaint (Doc. 5). This is a tortious interference with contract dispute. For the reasons that follow, the Motion for Leave to Amend is GRANTED, and the Motion to Dismiss is DENIED as MOOT.

### FACTS

Plaintiffs, Ana Karina Farms LLC, Karen K. Meade, and Karen K. Meade & Associates Co., LPA, bring this lawsuit against defendants, Anne M. Fletcher of Woods Edge

1

Stables, Larry and Holly Donovan of Huntington Stables, and Adam and Lisa Waldbaum Trustees of Red Hawk Stables.  Karen K. Meade, an attorney, is the principal of plaintiffs Ana Karina Farms and Karen K. Meade & Associates Co.  Ms. Meade is representing plaintiffs in this matter.  Plaintiffs allege that while Ms. Meade was boarding her horses at defendants' stables, they questioned Ms. Meade about an ongoing drug investigation and other suspicious activities involving one of her clients, an FBI informant; disturbed her personal property including classified information at one of the horse stables; and are responsible for an illness suffered by Ms. Meade's horses.

Plaintiffs sued defendants in the Geauga County Court of Common Pleas, joining the FBI and the CIA as plaintiffs without the prior knowledge or consent of those parties.  The complaint contains one claim for relief for tortious interference with business interests, demanding $3 million in damages plus punitive damages.  The FBI and the CIA ("the government") removed the case to this Court.

The government moves to dismiss the FBI and the CIA from the complaint for misjoinder pursuant to Rule 21, on the theory that the government has not waived its sovereign immunity for this suit and did not consent to be joined as a plaintiff.  The complaint contains no allegations involving the government except for allegations that Ms. Meade represented CIA and FBI informants in her immigration law practice.  Plaintiffs oppose the Motion to Dismiss the FBI and CIA and move the Court for leave to amend the complaint.  Plaintiffs attach documents outside of the pleadings to the brief in opposition, and also attach a proposed amended complaint.  The government opposes the motion for leave to amend the complaint.

2

**ANALYSIS**

Federal Rule of Civil Procedure 15(a)(1)(A) states that "[a] party may amend its pleading once as a matter of course before being served with a responsive pleading." The Sixth Circuit has noted that this is an "absolute right." *Pertuso v. Ford Motor Credit Co.,* 233 F.3d 417, 420-21 (6th Cir. 2000). A motion to dismiss parties for misjoinder is not a responsive pleading. *Id.*, Fed. R. Civ. P. 7.

The government argues that plaintiffs' motion for leave to amend should be denied as futile. Upon review, the Court finds that plaintiffs' motion for leave to amend must be granted because no responsive pleading has yet been served on plaintiffs. To deny as futile plaintiffs' motion for leave to amend would be an abuse of discretion. *Broyles v. Correctional Medical Svcs., Inc.,* No. 08-1638, 2009 U.S. App. LEXIS 5494, at *10-11 (6th Cir. Jan. 23, 2009) (finding that the district court abused its discretion where it denied plaintiff leave to amend to add defendants under Rule 21 where a motion to dismiss, but not a responsive pleading, had been served, even if amendment would be futile). Indeed, plaintiffs were not required to seek leave of Court to amend their complaint.

Once an amended complaint has been filed, the new complaint supersedes the previous complaint and controls the case going forward. *Parry v. Mohawk Motors of Michigan, Inc.,* 236 F.3d 299, 306-07 (6th Cir. 2000). The prior complaint is a nullity and no longer performs any function in the case. *B&H Medical, L.L.C. v. ABP Admin., Inc.,* 526 F.3d 257, 268 n.8 (6th Cir. 2008). Thus, the government's motion to dismiss is now moot.

**CONCLUSION**

For the foregoing reasons, plaintiffs' Motion for Leave to Amend Complaint is GRANTED.  The government's Motion to Dismiss Involuntary Plaintiffs FBI and CIA for Misjoinder Pursuant to Fed. R. Civ. P. 21 is DENIED as MOOT.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 6/23/09